## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

ANGELICA MILLAN LOPEZ
5180 Eastern Avenue N.E., Apt. E-1
Washington D.C. 20012

   *Plaintiff*,

  v.

TOUCHUP CLEANING SERVICES LLC
2041 Martin Luther King Jr. Ave., Suite 237
Washington D.C. 20002

Serve: Karen Butts
   Business Management Resources
   33 R Street N.E., Suite B
   Washington D.C. 20002

MILTON BELL
3003 G Street S.E.
Washington D.C. 20019

LEON BROWN, SR.
2041 Martin Luther King Jr. Ave., Suite 237
Washington D.C. 20002

LEON BROWN, JR.
2041 Martin Luther King Jr. Ave., Suite 237
Washington D.C. 20002,

   *Defendants*.

Civil Case No.: 19-2494

## COMPLAINT

  Plaintiff, Angelica Millan Lopez, hereby brings suit against her former employers
Touchup Cleaning Services, LLC ("Touchup"), Milton Bell ("Bell"), Leon Brown, Sr. ("Brown,
Sr."), and Milton Brown, Jr. ("Brown, Jr.") (collectively "Defendants") for violations of the Fair
Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("the FLSA"), the District of Columbia Minimum

Wage Revision Act, D.C. Code § 32-1001 *et. seq.* ("DCMWRA"), and the District of Columbia

Payment and Collection of Wages Law, D.C. Code §§ 32-1301 *et seq.* ("DCPCWL"). Plaintiff

alleges as follows:

## PARTIES

1.     Plaintiff is an adult resident of the District of Columbia and was employed by

Defendants as a janitor from approximately January 1, 2018, to approximately April 17, 2019,

when she resigned because Defendants refused to pay her wages. Plaintiff was at all times an

employee of Touchup, Bell, Brown, Sr. and Brown, Jr., within the meaning of the FLSA, the

DCMWRA and the DCPCWL.

2.     Touchup is a limited liability company organized under the laws of the District of

Columbia. Touchup provides janitorial services at municipal buildings located in the District of

Columbia including but not limited to: (1) D.C. Office of Lottery and Charitable Games; (2) D.C.

Social Security Office; and (3) D.C. Superior Court. Touchup is an "employer" of the Plaintiff

within the meaning of the FLSA, the DCMWRA, the DCPCWL and the economic reality test

because Touchup, through its owners, agents and employees, hired the Plaintiff, set her rate of pay,

paid her wages, supervised her, provided her with the tools and materials necessary to do her job,

kept track of her hours, maintained her employment records, and directed her in the performance

of her work. Touchup  also meets the definition of an "Enterprise Engaged in Commerce" under

the FLSA, 29 U.S.C. § 203(s)(1)(A)(i), as it, either alone or collectively, has: (1) employees

engaged in commerce or the production of goods for commerce or employees handling, selling, or

otherwise working on goods or materials that have been moved in or produced for commerce; and

(2) a gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

3.      Bell was, at all relevant times, an "employer" of the Plaintiff within the meaning of the FLSA, the DCMWRA, the DCPCWL and the economic reality test because: (1) he is an owner, officer, director and/or member of Touchup and was substantially involved in Touchup's operations; (2) he had functional and operational control over the terms and conditions of Plaintiff's employment, including compensation and pay practices; (3) he was involved in establishing and controlling the rate of Plaintiff's pay; (4) he was responsible for paying Plaintiff her wages; (5) he had the ability to hire and fire the Plaintiff; and (6) Bell is also responsible for the wage violation at issue because he had control over the funds used to pay Plaintiff's wages and he failed to pay Plaintiff for work she performed on behalf of Touchup, even after Plaintiff complained to him that she had not been paid.

4.      At all relevant times, Brown, Sr. was an "employer" of the Plaintiff within the meaning of the FLSA, the DCMWRA, the DCPCWL and the economic reality test because: (1) he is an owner, officer, director and/or member of Touchup and was substantially involved in Touchup's operations; (2) he had functional and operational control over the terms and conditions of Plaintiff's employment, including compensation and pay practices; (3) he was involved in establishing and controlling the rate of Plaintiff's pay; (4) he was responsible for paying Plaintiff her wages; (5) he had the ability to hire and fire the Plaintiff; and (6) Brown, Sr. is also responsible for the wage violation at issue because he had control over the funds used to pay Plaintiff's wages and he failed to pay Plaintiff for work she performed on behalf of Touchup, even after Plaintiff complained to him that she had not been paid.

5.      At all relevant times, Brown, Jr. was an "employer" of the Plaintiff within the meaning of the FLSA, the DCMWRA, the DCPCWL and the economic reality test because: (1) he is an owner, officer, director and/or member of Touchup and was substantially involved in Touchup's operations; (2) he had functional and operational control over the terms and conditions of Plaintiff's employment, including compensation and pay practices; (3) he was involved in establishing and controlling the rate of Plaintiff's pay; (4) he was responsible for paying Plaintiff her wages; (5) he had the ability to hire and fire the Plaintiff; and (6) Brown, Jr. is also responsible for the wage violation at issue because he had control over the funds used to pay Plaintiff's wages and he failed to pay Plaintiff for work she performed on behalf of Touchup, even after Plaintiff complained to him that she had not been paid.

## JURISDICTION

6.      Plaintiff is asserting causes of action against Defendants under the FLSA, the DCPCWL and the DCMWRA. Plaintiff is entitled to the protections under the DCPCWL and the DCMWRA because, during her employment with Defendants, Plaintiff spent all of her working time in the District of Columbia.  *See* D.C. Code § 32-1003(b)(1) ("A person shall be employed in the District of Columbia when [t]he person regularly spends more than 50% of their working time in the District of Columbia").

7.      The jurisdiction of this Court is based upon 28 U.S.C. § 1331 and 29 U.S.C. § 217. The Court has subject matter jurisdiction under § 1331 because Plaintiff's claims involve federal questions and the Court has pendant jurisdiction over the Plaintiff's District of Columbia claims under 28 U.S.C. § 1367.

8.      This Court has *in personam* jurisdiction over Defendants because they conduct business in the District of Columbia, and Defendant Touchup is registered as a domestic limited

liability company in the District of Columbia. Also, all of the events giving rise to Plaintiff's claims occurred in the District of Columbia.

## STATEMENT OF FACTS

9.      On or about January 1, 2018, Plaintiff was hired by Defendants to the position of janitor by Milton Bell. From the inception of her employment until June 30, 2018, Defendants paid Plaintiff $12.50 per hour for her straight time work. On July 1, 2018, Defendants began paying Plaintiff $13.25 per hour because that was the minimum wage at the time. Defendants paid Plaintiff twice per month through the Defendants' payroll system.

10.     During her employment with Defendants, Plaintiff worked at the headquarters of the D.C. Office of Lottery and Charitable Games 5 days per week, at least 40 hours per week, and occasionally worked more than 40 hours per week. Defendants Bell, and/or Brown, Sr., and/or Brown, Jr. kept track of the hours Plaintiff worked each week.

11.     For the pay period of March 16, 2019 through March 31, 2019, Plaintiff worked a total of 80 hours and was issued a paycheck by the Defendants (Check No. 1010) in the gross amount of $1,060.00. When Plaintiff attempted to deposit the check, it was rejected by her bank for insufficient funds and she incurred fees in the amount of $12.00. Plaintiff complained to Bell about not being paid but he ignored her complaints.  Plaintiff was never paid anything at all for these 80 hours (the value of the time is $1,060.00), which violated the DCPCWL, the minimum wage provisions of the FLSA and the minimum wage provisions of the DCMWRA.

12.     Plaintiff resigned from employment with Defendants on or about April 17, 2019, at the end of her shift. On or about April 26, 2019, Defendants paid Plaintiff for her work during the pay period of April 1, 2019 through April 15, 2019, but failed to pay or anything at all for the work

she performed on April 16 and 17, during the next pay period which began on April 16 and ended on April 30, 2019. The amount due for the two days of work is $212.00.

13.     All of Plaintiff's wages were due to be paid in full on or before April 24, 2019, seven days after her resignation. *See* D.C. Code § 32-1303 (2).

14.     The total amount owed to Plaintiff for her unpaid wages is $1,272.00.

15.     More than 30 working days have passed since April 24, 2019 and Plaintiff has not received any payment at all for 96 hours of work that she performed for Defendants.  Therefore, Defendants owe the Plaintiff her full back wages ($1,272.00) plus an additional amount equal to three times the amount of the unpaid wages ($3,816.00), a total of $5,088.00. *See* D.C. Code § 32-1303 (4) (employer liable for liquidated damages are the rate of 10% per business day).

## COUNT I
## (VIOLATIONS OF THE FLSA)

16.     Plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above.

17.     Defendants violated the FLSA by knowingly failing to pay Plaintiff anything at all (not even minimum wage) for the 80 hours of work she performed during the March 16, 2019 to March 31, 2019 pay period and the 16 hours she worked on April 16 and 17. The FLSA minimum wage is $7.25 per hour.

18.     Defendants' actions were willful as defined by the FLSA and were not undertaken in good faith.

19.     Therefore, Defendants are liable to Plaintiff under 29 U.S.C. § 216 (b) of the FLSA, for her unpaid minimum wages ($696.00), plus an additional equal amount as liquidated damages ($696.00), and court costs, and reasonable attorneys' fees and expenses.

20.     The precise amount owed to the Plaintiff by Defendants for unpaid overtime and liquidated damages under the FLSA is $1,392.00.

21.     Defendants are also liable for the reasonable attorney's fees and costs incurred in this action.

## COUNT II
## (VIOLATIONS OF THE DCMWRA)

22.     Plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above.

23.     At all times relevant to the Complaint, Plaintiff was an "employee" of Defendants within the meaning of D.C. Code § 32-1002 (2).

24.     At all times relevant to the Complaint, Defendants were "employers" of Plaintiff within the meaning of D.C. Code § 32-1002 (3).

25.     Defendants violated the DCMWRA by knowingly failing to pay Plaintiff anything at all for the 80 hours of work she performed during the pay period of March 16, 2019 through March 31, 2019 and 16 of the hours she worked (on April 16 and 17) during the pay period of April 1, 2019 through April 15, 2019. The total amount of minimum wages owed under the DCMWRA is $1,272.00.

26.     As a result of the violations by the Defendants, they are liable to Plaintiff for unpaid minimum wages ($1,272.00) and liquidated damages equal to three times the unpaid minimum wages ($3,816.00), a grand total of $5,088.00.

27.     As a result of the violations of the Defendants, Defendants are also liable for Plaintiff's reasonable attorneys' fees and costs incurred in this action, including attorneys' fees at the Legal Services Index Rate ("LSI") and/or the rates set forth in *Salazar ex rel. v. District of*

*Columbia*, 809 F.3d 58 (D.C. Cir. 2015) and *DL v. District of Columbia*, 924 F.3d 585, 592-95

(D.C. Cir. 2019), as required by D.C. Code § 32-1308 (b)(1).

## COUNT III
## (VIOLATIONS OF THE DCPCWL)

28.     Plaintiff re-alleges and incorporates the allegations contained in the paragraphs

above.

29.     At all relevant times, Defendants were Plaintiff's "employers" within the meaning

of the DCPCWL.

30.     Defendants violated the DCPCWL by knowingly failing to pay Plaintiff anything

at all for the 80 hours of work she performed during the pay period of March 16, 2019 through

March 31, 2019 and 16 of the hours she worked (on April 16 and 17) during the pay period of

April 1, 2019 through April 15, 2019.  The total amount of minimum wages owed by Defendants

to Plaintiff under the DCPCWL is $1,272.00.

31.     Plaintiff was entitled to receive these wages on her final paycheck which was due

on April 24, 2019, seven working days after she was terminated. *See* D.C. Code §32-1303 (2).

32.     More than 30 working days have passed since April 24, 2019. Therefore,

Defendants are liable to Plaintiff for the back wages ($1,272.00) plus liquidated damages equal to

three times the amount of unpaid wages ($3,816.00). *See* D.C. Code §32-1303 (4) (liquidated

damages accrue at 10% per working day following the day payment is due). The total amount

owed to Plaintiff by Defendants for back pay and liquidated damages under the DCPCWL is

$5,088.00.

33.     As a result of the violations of the Defendants, Defendants are also liable for

Plaintiff's reasonable attorneys' fees and costs incurred in this action, including attorneys' fees at

the Legal Services Index Rate ("LSI") and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015) and *DL v. District of Columbia*, 924 F.3d 585, 592-95 (D.C. Cir. 2019), as required by D.C. Code § 32-1308 (b)(1).

## RELIEF REQUESTED

Plaintiff requests that this Court award the following relief:

a. Pursuant to the FLSA, enter judgment against Defendants, jointly and severally, and in favor of Plaintiff in the amount of $696.00 plus an additional amount equivalent to the wages (another $696.00), a total of $1,392.00;

b. Pursuant to the DCMWRA, enter judgment against Defendants, jointly and severally, and in favor of Plaintiff in the amount of her 96 hours of unpaid minimum wages ($1,272.00) plus an additional amount equivalent to three times the unpaid wages (another $3,816.00), a total of $5,088.00;

c. Pursuant to the DCPCWL, enter judgment against Defendants, jointly and severally, and if favor of Plaintiff in the amount of the unpaid wages ($1,272.00) plus an amount equal to three times the amount of wages owed ($3,816.00) as liquidated damages, a total of $5,088.00; and

34. award Plaintiff reasonable attorneys' fees and costs incurred in this action, including fees at the Legal Services Index Rate ("LSI") and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015) and *DL v. District of Columbia*, 924 F.3d 585, 592-95 (D.C. Cir. 2019), as required by D.C. Code § 32-1308 (b)(1).

Respectfully submitted,


/s/Omar Vincent Melehy
Omar Vincent Melehy
DC Bar No.: 415849
MELEHY & ASSOCIATES LLC
8403 Colesville Road Suite 610
Silver Spring, Maryland 20910
ovmelehy@melehylaw.com
Phone:  (301) 587-6364
Fax:    (301) 587-6308
*Attorney for Plaintiff*