# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANGELICA MILLAN LOPEZ,<br><br>Plaintiff,<br><br>v.<br><br>TOUCHUP CLEANING SERVICES, LLC, *et al.*,<br><br>Defendants. | Case No. 19-cv-2494 (CRC) |

### MEMORANDUM OPINION

Angelica Lopez is right: Touchup must pay up. Ms. Lopez is suing her former employer, Touchup Cleaning Services, LLC, and three of its owners and officers for approximately $5,000 in unpaid wages and related damages. Lopez alleges that Touchup Cleaning employed her as a janitor from January 2018 until April 2019, when she quit after not receiving wages for two pay periods. None of the defendants have responded to the suit despite having been served with process. Lopez now moves for default judgment against them. Because Lopez has adequately demonstrated the defendants' liability and that she is entitled to monetary relief, the Court will enter default judgments against Touchup Cleaning, Milton Bell, Leon Brown, Sr., and Leon Brown, Jr.

### I. Background

The Fair Labor Standards Act ("FLSA") requires employers to pay a federal minimum wage of $7.25 per hour. See 29 U.S.C. § 206(a). However, employers must pay state-established minimum wages if they are higher than the federal minimum wage. See id. § 218(a). The District of Columbia Wage Payment and Collection Law and the District of Columbia Payment and Collection of Wages Law (collectively, the "District's wage-and-hour laws") establish the minimum wage that employers must pay to persons employed in the District of

Columbia.  See D.C. Code § 32-1001.  During the relevant time period, the minimum wage in D.C. was $13.25 per hour.  Id. § 32-1003(a)(5)(A)(iii).

According to her Complaint, Ms. Lopez worked as a janitor for Touchup Cleaning from January 2018 through April 2019.  Compl. ¶ 9, 12.  At all times, she worked in the District of Columbia.  Id. ¶ 6.  From March 16, 2019 through March 31, 2019, she worked 80 hours and was issued a payroll check for $1,060, calculated at the D.C. $13.25/hour minimum wage.  Id. ¶ 9, 11.  But when she tried to cash the check, it was rejected for insufficient funds.  Id. ¶ 6; Mot. for Summ J. Exh. B.  During the April 16, 2019 through April 30, 2019 pay period, Lopez worked 16 total hours but was never paid for that time.  Compl. ¶ 12.  After requesting her pay and being rebuffed, Lopez quit.  Id. ¶ 11–12.

Lopez filed suit on August 19, 2019 alleging that Touchup Cleaning and three of its owners and officers violated both the FLSA and the District's wage-and-hour laws by paying her less than the required minimum wage.  Lopez seeks $5,088, which includes unpaid wages and liquidated damages.  Touchup Cleaning and the individual defendants were properly served, none has filed a response, and the Clerk of the Court entered a default against each of them. Lopez now moves for a default judgment.

## II. Standard of Review

Default judgment is a two-step procedure.  See, e.g., Boland v. Cacper Constr. Corp., 130 F. Supp. 3d 379, 382 (D.D.C. 2015).  First, a plaintiff requests that the Clerk of the Court enter default against a party who has "failed to plead or otherwise defend."  Fed. R. Civ. P. 55(a). Then, the plaintiff must move for entry of default judgment.  Fed. R. Civ. P. 55(b).  Default judgment is available when "the adversary process has been halted because of an essentially unresponsive party."  Boland v. Elite Terrazzo Flooring, Inc., 763 F. Supp. 2d 64, 67 (D.D.C.

2011) (internal citation omitted). "Default establishes a defaulting party's liability for the well-pleaded allegations of the complaint." Id. After establishing liability, the court must make an independent evaluation of the damages to be awarded and has "considerable latitude in determining the amount of damages." Id. The court may rely on "detailed affidavits or documentary evidence" submitted by plaintiffs in support of their claims. Boland v. Providence Constr. Corp., 304 F.R.D. 31, 36 (D.D.C. 2014) (quoting Fanning v. Permanent Sol. Indus., Inc., 257 F.R.D. 4, 7 (D.D.C. 2009)).

### III. Analysis

The Court must determine whether Touchup Cleaning and the individual defendants are liable and whether a default judgment is appropriate. If so, it must make an independent evaluation about whether Ms. Lopez is entitled to the full amount of relief she requests. The Court concludes that Touchup Cleaning and the individual defendants each breached their duties under the FLSA and the District of Columbia's wage-and-hour laws; therefore, Ms. Lopez is entitled to the monetary relief requested.

A. Liability

The District of Columbia's wage-and-hour laws provide that "[e]very employer shall pay all wages earned to his or her employees." D.C. Code § 32-1302. If an employee quits or resigns, the employer must "pay the employee's wages due upon the next regular payday or within 7 days from the date of quitting or resigning, whichever is earlier." Id. § 32-1303(2). Similarly, the FLSA provides that "[e]very employer shall pay to each of his employees . . . not less than the minimum wage." 29 U.S.C. § 206(b). Although the FLSA does not specify when wages must be made, "courts have found that the [statute] encompasses a requirement that wage payments due to employees must be paid promptly and at regular intervals." Perez v. C.R.

3

Calderon Constr., Inc., 221 F. Supp. 3d 115, 138 (D.D.C. 2016) (collecting cases). A prevailing plaintiff is entitled to unpaid wages as well as liquidated damages. See D.C. Code §§ 32-1303(4), 32-1308(a)(1)(A); 29 U.S.C. § 216(b).

Because the Clerk of the Court has entered default as to all Defendants, the Court accepts Lopez's well-pleaded allegations as true to determine whether Touchup Cleaning and the individual defendants are liable and whether entry of default judgment is appropriate. See Elite Terrazzo Flooring, 763 F. Supp. 2d at 67. Lopez plausibly alleges that—based on her regular hourly wage, the minimum wage in D.C. at the time, and the hours she worked without compensation—she is owed $1,272 in unpaid wages. Compl. ¶¶ 11–14. On these facts, Touchup Cleaning is liable to Lopez for those wages and liquidated damages.

For the individual defendants to be personally liable, they must qualify as an employer under the FLSA and the District's wage-and-hour laws, which are "to be construed consistently" with each other. Ventura v. Bebo Foods, Inc., 738 F. Supp. 2d 1, 5 & n. 2 (D.D.C. 2010) (applying individual-liability analysis under the FLSA to the District's wage-and-hour laws). Typically, an individual "who exercises operational control over an employee's wages, hours, and terms of employment qualifies as an 'employer,' and is subject to individual liability." Guevara v. Ischia, Inc., 47 F. Supp. 3d 23, 26–27 (D.D.C. 2014) (internal citation omitted); see also Perez, 221 F. Supp. 3d at 143–44 ("[T]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." (internal quotations omitted)). To determine individual liability, courts in this district have considered whether the employer was responsible for hiring and firing, controlling work schedules, establishing pay rates, and maintaining employment records. See Ventura, 738 F.

Supp. 2d at 6. Here, Lopez alleges that Milton Bell, Leon Brown, Sr., and Leon Brown, Jr. were owners, officers, directors and/or members of Touchup Cleaning and were substantially involved in Touchup Cleaning's operations. Compl. ¶¶ 3–5. She alleges that they each had control over the terms and conditions of her employment, including the ability to hire or fire her and to set her compensation. Id. In addition, Lopez alleges that they each had control over the funds used pay wages and failed to pay her for her work even after she brought the failure to their attention. Id. These facts sufficiently establish that each individual defendant was Lopez's employer under the FLSA. See Ventura, 738 F. Supp. 2d at 6. Thus, the individual defendants are jointly and severally liable with Touchup Cleaning under both federal and District of Columbia law.

Now that it is clear that the defendants are each liable for the unpaid wages and liquidated damages, the Court must determine whether a default judgment is appropriate. The Court may enter default judgment when a defendant makes no request "to set aside the default" and gives no indication of a "meritorious defense." Fanning, 257 F.R.D. at 7. Here, no defendant has requested that the default be set aside, nor have they responded to the complaint since being served. See Return of Service/Affidavit as to Milton Bell, ECF No. 5; Return of Service/Affidavit as to Leon Brown, Jr., ECF No. 7; Return of Service/Affidavit as to Leon Brown, Sr., ECF No. 8; Return of Service/Affidavit as to Touchup Cleaning Services, LLC, ECF No. 17. Entry of default judgment is therefore appropriate.

B. Damages

Next, the Court must determine the amount of damages due, and Ms. Lopez "must prove these damages to a reasonable certainty." Elite Terrazzo Flooring, 763 F. Supp. 2d at 68. "When a defendant has failed to respond, the Court must make an independent determination—

5

by relying on affidavits, documentation, or an evidentiary hearing—of the sum to be awarded as damages." Ventura v. L.A. Howard Constr. Co., 134 F. Supp. 3d 99, 104 (D.D.C. 2015).

Lopez has submitted an affidavit, summarizing the hours she worked and declaring that Touchup Cleaning failed to pay her wages for that work. See Pl.'s Mot. for Default J., Exh. 1 ("Lopez Aff.") ¶¶ 4–6. Lopez attests that she was not paid for working 96 hours at an hourly rate of $13.25, which was the minimum wage in D.C. at the time, Lopez Aff. ¶¶ 3–6; therefore, she is owed $1,272. In addition to unpaid wages, Lopez seeks liquidated damages. Under the FLSA, liquidated damages equal the amount of unpaid wages. See 29 U.S.C. § 216(b). But the District's wage-and-hour laws permit liquidated damages in "an amount equal to treble the unpaid wages." D.C. Code § 32-1303; see, e.g., Martinez v. Asian 328, LLC, 220 F. Supp. 3d 117, 122–23 (D.D.C. 2016).[1] Since D.C. law is more generous to employees, the Court will assess liquidated damages under D.C. law and will not award a duplicative amount pursuant to federal law. See Williams v. Wash. Metro Area Transit Auth., 472 F.2d 1258, 1261 (D.C. Cir. 1972) ("[W]orkers covered by state law as well as FLSA shall have any additional benefits provided by the state law."); cf. 29 C.F.R. § 778.5 (stating that employees are entitled to higher minimums set by state law if FLSA standards are lower). Thus, Lopez is owed $3,816 in liquidated damages. When added to her unpaid wages, Defendants are liable to Lopez for $5,088 in total.

---

[1] More precisely, under D.C. law, liquidated damages equal either "10 per centum of the unpaid wages for each working day during which such failure shall continue after the day upon which payment is hereunder required, or an amount equal to treble the unpaid wages, whichever is smaller." D.C. Code § 32-1303. Using the former calculation, if Lopez were owed $1,272 in unpaid wages for a year, she would be owed $46,428 in liquidated damages ($1,272 x 10% x 365 days). Because the second calculation would result in a smaller damages award, the Court will treble Lopez's unpaid wages to determine her liquidated damages. See Amaya v. Logo Enters., LLC, 251 F. Supp. 3d 196, 201 n.5 (D.D.C. 2017).

## IV. Conclusion

For the foregoing reasons, the Court will grant Plaintiff's Motion for Entry of Default Judgment in the amount of $5,088. The Court will issue an order consistent with this opinion.

CHRISTOPHER R. COOPER
United States District Judge

Date: April 3, 2020